Filed 2/27/24  P. v. Cannon CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DOMINGO CANNON,<br><br>　　　Defendant and Appellant. | B329362<br><br>(Los Angeles County<br>Super. Ct. No. VA157249) |

THE COURT:

On November 15, 2021, defendant and appellant Domingo Cannon stabbed Tyler Robinson (Robinson) in the head, left shoulder, right hand, throat, and chest.  As a result, Robinson underwent surgeries and was bedridden for three to four months.

Defendant was arrested and searched a week after the stabbing.  A bag he was carrying contained a six-inch kitchen knife.  A shotgun with a jagged barrel tip was found during a search of defendant's apartment.

In an amended information filed by the Los Angeles County District Attorney's Office, defendant was charged with willful,

deliberate, and premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1] and possession of a short-barreled rifle or shotgun (§ 33215).  As to the attempted murder, it was alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) and that he had personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)).

Defendant was tried and, on October 27, 2022, a jury found him guilty as charged and the enhancement allegations to be true.

The trial court sentenced defendant to a six-year determinate prison term, comprised of the midterm of two years for possessing a short-barreled rifle or shotgun, three years for the great bodily injury enhancement as to the attempted murder, and one year for the weapon enhancement as to the attempted murder.  The court sentenced defendant to a consecutive indeterminate term of life in prison for the attempted murder, with a minimum parole eligibility date of seven years.  The court ordered defendant to pay a $187.37 restitution fine (§ 1202.4, subd. (b)) and imposed but stayed a $300 parole revocation fine (§ 1202.45).  The court struck court operations (§ 1465.8) and criminal conviction (Gov. Code, § 70373) assessments.

Defendant filed a timely notice of appeal.

Counsel was appointed to represent defendant in connection with this appeal.  After reviewing the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which no arguable issues were raised.  On November 20, 2023, we informed defendant by letter that he had 30 days within which to personally submit any grounds for

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

appeal, contentions, or arguments for us to consider.  On December 22, 2023, the letter was returned to this court with a label on the envelope stating, "RETURN TO SENDER  [¶] INMATE REFUSED[.]"  (Bolding omitted.)  To date, we have received no further response from defendant.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

3